CHARLES K. and MARY J. DEEKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deeks v. Commissioner
Docket No. 15046-80.
United States Tax Court
T.C. Memo 1981-501; 1981 Tax Ct. Memo LEXIS 236; 42 T.C.M. (CCH) 1051; T.C.M. (RIA) 81501; September 14, 1981. Stephen J. Mancini, for the petitioners. Karen Nicholson Sommers, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1976 and 1977 in the amounts of $ 15,111 and $ 28,247, respectively, additions to tax under section 6653(a) [1] for these years in the respective amounts of $ 816.94 and $ 1,412.35, and an addition to tax for the calendar year 1976 under section 6651(a) in the amount of $ 1,510.87. The issues for decision are (1) whether petitioners are entitled to any deductions in computing their Federal income tax liabilities for each of the years here in issue other than those allowed by respondent in his notice of deficiency and those which respondent conceded to be deductible at the trial and (2) whether petitioner is liable for the additions to tax *239 as determined by respondent under section 6653(a) for each of the years here in issue and under section 6651(a) for the year 1976. FINDINGS OF FACT Petitioners, husband and wife, who resided in Bend, Oregon, at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1976 and 1977 with the Internal Revenue Service Center at Fresno, California. On their 1976 Federal income tax return, petitioners reported as income compensation received by Mrs. Deeks from Saint Jude Hospital in Fullerton, California, and $ 17,253 as income other than wages, dividends, and interest. The $ 17,253 was arrived at as follows: From the $ 88,103, shown to be gross receipts from the practice of medicine by Charles K. Deeks (petitioner), the amount of $ 63,047 listed as "Professional Management Services" was subtracted leaving a profit of $ 25,056 from which was subtracted $ 8,447 designated "Nominee Payments to the Charles K. Deeks Family Trust; I.D. #95-6553306." In the space on the Schedule *240 C form for listing "Other business expenses" appeared the statement "Management Pays all overhead and then bills taxpayer." Petitioners on their 1976 Federal income tax return claimed itemized deductions of $ 21,393. Included in this amount of itemized deductions claimed was $ 10,000 designated "Educational materials to maintain and conserve assets, and develop tax incentives and information." Petitioners on their Federal income tax return for 1977 reported compensation of Mrs. Deeks from Saint Jude Hospital in Fullerton, California, of $ 10,478. They reported "Business income * * * (attach Schedule C)" of $ 20,133 and "Pensions, annuities, rents, royalties, partnerships, estates or trusts, etc." income of $ 294. From this reported income they subtracted $ 10,952 designated "Nominee Income paid to I.D. #95-6553306 per Form 1087 attached." The form Schedule C attached to petitioners' return reported the income of Dr. Deeks from the practice of medicine. Gross receipts were shown on this schedule as $ 73,638. Deducted from the gross receipts shown on the Schedule C were the amounts of $ 100 designated "License" and $ 53,405 designated "Professional Office MGMT." Petitioners' *241 Forms 1040, Federal income tax returns for each of the years 1976 and 1977, showed under the signature of the return preparer the typed statement "ESTATE GUARDIAN EDUCATIONAL TRUST (TAX FAX DIVISION) 95-6569484, 110 W. C St. #1040 San Diego, CA 92101." Petitioners' return for 1976 was stamped received at the Fresno Service Center on May 27, 1977. This return was mailed in an envelope addressed to the Internal Revenue Service Center, Fresno, California, which bears a postmark of May 25, 1977. Petitioners timely filed an application for an automatic extension of time to file their 1977 income tax return until June 15, 1978, and that return was received on July 5, 1978, at the Fresno Service Center. Respondent in his notice of deficiency to petitioners increased their income as reported for the year 1976 by $ 63,047, the amount of "Professional Management Services" indicated on that return, but allowed a deduction from such increased income of additional business expenses in the amount of $ 44,932. Respondent in his notice of deficiency to petitioners disallowed the claimed deductions of $ 8,447 for nominee payments and $ 10,000 designated as "Educational materials to maintain and *242 conserve assets, and develop tax incentives and information." Respondent also disallowed a casualty or theft loss deduction claimed by petitioners in 1976 in the amount of $ 10,473. Respondent in his notice of deficiency to petitioners disallowed the claimed deductions in 1977 of $ 53,405 for professional management fees and $ 10,952 for nominee payments. No amount was allowed for the year 1977 as additional business expenses. In explanation of his adjustments, respondent stated that the amounts claimed as management fees to the Charles K. Deeks Family Trust are not deductible but that these amounts were petitioners' income and not that of the trust. Respondent explained that the nominee payments to the Charles K. Deeks Family Trust claimed as a deduction in each of the years 1976 and 1977 are not an allowable deduction under any provisions of the Internal Revenue Code but are taxable income to petitioners under sections 61 and 671 through 678. Respondent stated with respect to the disallowance of the $ 10,000 payment claimed to be deductible for "Educational materials to maintain and conserve assets, and develop tax incentives and information" that the amount is not an allowable *243 deduction under sections 162 or 212 and is also a nondeductible capital expenditure under section 263. When this case was called for trial, respondent stipulated that petitioners were entitled to an itemized deduction for interest for the fiscal year 1976 of $ 4,382 and an itemized deduction for taxes for the year 1976 of $ 1,800. Respondent stipulated that petitioners were entitled to additional business expense deductions for the year 1977 in the amount of $ 19,231 and to itemized deductions for interest expense of $ 9,973, and taxes of $ 1,110 for 1977. The itemized deductions for interest and taxes were stipulated for each of the calendar years 1976 and 1977 to be in lieu of the standard deduction allowed by respondent in his notice of deficiency. [2]
*244 OPINION Petitioners take the position that since respondent did not disallow the $ 10,000 claimed by them to be deductible in 1976 as "Educational materials to maintain and conserve assets, and develop tax incentives and information" on the ground that they had failed to show that the amount was paid, some portion of this amount should be allowed as an amount paid for tax advice and preparation of tax returns. The problem with petitioners' position is that there has been no showing in this case of the composition of the $ 10,000 payment. Petitioners did not comply with the order of the Court to produce their records for respondent to inspect and did not appear at the trial to testify. Petitioners contend that since on their return they listed the $ 10,000 as paid in part to "develop tax incentives and information," some portion of the payment should be deductible. Petitioners rely in this respect on . In the Merians case, we held that where a flat fee had been paid by a taxpayer for legal services in connection with an estate plan, the portion of that fee allocable to tax advice was deductible under section 212(3) *245 and the portion allocable to the other aspects of estate planning was a nondeductible personal expenditure. In the Merians case, we specifically pointed out that the taxpayer had the burden of proof to establish what portion of the fee was allocable to tax advice. We then discussed the evidence produced and concluded that the evidence was sufficient to support the conclusion that 20 percent of the fee was allocable to tax advice and therefore deductible. The instant case is clearly distinguishable from the Merians case in that in this case no evidence has been produced to show the nature of the $ 10,000 expenditure. Respondent determined that the amount was a nondeductible personal expenditure and also a capital expenditure. We have held that legal fees and other costs paid in connection with the preparation of trusts and similar documents are nondeductible personal expenses. ; , affd. . In the instant case, petitioners have totally failed to prove that any portion of the $ 10,000 deduction claimed to be for *246 educational materials is allowable. See . The record here is clear that petitioners' return for the year 1976 was not timely filed. Petitioners have produced no evidence to show the reason for the late filing and therefore have failed to show error in respondent's determination of the addition to tax under section 6651(a) for failure to timely file their 1976 return. It is well settled that respondent's determination of an addition to tax under section 6653(a) is presumptively correct and the burden is on petitioners to show error in this determination. . Because of petitioners' failure to show error in respondent's determination of the addition to tax under section 6653(a) for each of the years here in issue, we sustain that determination. ; . Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. On May 27, 1981, pursuant to respondent's motion filed April 28, 1981, the Court entered an order directing petitioners to produce documents requested by respondent at a specified place in Bend, Oregon, or to respondent's representative in San Diego, California. When this case was called from the calendar in San Diego, California, on June 15, 1981, for trial, petitioners did not appear in person but appeared by counsel. Counsel for petitioners requested that the case be continued. The Court was informed that the case be continued. The Court was order of May 27, 1981, to produce documents. Petitioners' motion for continuance was denied and the case was set for trial in San Diego, California, on the morning of June 18, 1981. Petitioners did not appear at the trial. Counsel for petitioners represented to the Court that he could produce evidence of the cost to petitioners of certain guns in a collection which had been stolen from petitioners in 1976. The record was held open to permit the parties to agree, if possible, as to the cost of the stolen guns. The parties reached no agreement with respect to the cost of the stolen guns and we assume that petitioners are no longer contending that respondent's disallowance of the theft loss claim for the guns is in error. In any event, petitioners have produced no evidence to show that the cost of the guns stolen was in excess of the $ 500 they showed on their return as the insurance paid with respect to the theft. Petitioners' counsel gave no explanation as to why neither petitioner appeared at the trial.↩